```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**GREGORY W. BEE,**

    **Plaintiff,**

                                                      **Civil Action No. 1:20CV215**
**v.**                                                        **(Judge Keeley)**

**DENIS R. MCDONOUGH, in his capacity**
**as Secretary of the U.S. Department of**
**Veterans Affairs, and**
**U.S. DEPARTMENT OF VETERANS AFFAIRS,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**<u>DENYING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 15]</u>**

Pending is the defendants' motion to dismiss part of the plaintiff's Wrongful Termination claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (Dkt. No. 15). For the reasons that follow, the Court **DENIES** the motion.

**I. <u>BACKGROUND</u>**

**A. Factual Allegations**

This matter arises from an employment dispute between the plaintiff, Gregory W. Bee ("Bee"), and his former employer, the United States Department of Veterans Affairs ("VA"). On August 28, 2020, Bee filed a complaint against the VA and the Secretary of the VA (collectively, "the defendants") (Dkt. No. 1), which he subsequently amended on March 17, 2021 (Dkt. No. 14).

**BEE v. MCDONOUGH** 1:20CV215

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 15]

In his amended complaint, Bee contends that the VA ignored or improperly handled various situations during his term of employment. Id. According to Bee, after he had disclosed these situations to government officials, media outlets, and veterans' advocates, and after he had also requested accommodations due to his PTSD, the VA retaliated against him, ultimately terminating his employment on September 24, 2020.[1] Id. Based on this conduct, Bee alleges two claims against the defendants: (1) Wrongful Termination, in violation of the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8), the Rehabilitation Act, 29 U.S.C. § 701 et seq., and the West Virginia Human Rights Act, W. Va. Code § 5-11-1 et seq.; and (2) Failure to Reasonably Accommodate Disability, in violation of the West Virginia Human Rights Act, W. Va. Code § 5-11-1 et seq., and "federal law." Id. at 24-25.

### B. Administrative Procedural History

Following his termination, Bee sought relief through two different administrative channels. First, on November 3, 2020, he

---

[1] Although Bee's original complaint alleged unlawful retaliation prior to his termination, his amended complaint explicitly states that he "is not making a claim for those pre-termination actions taken by the VA" (Dkt. No. 14 at 2).

**BEE v. MCDONOUGH**                                                  **1:20CV215**

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 15]

filed a mixed case complaint with the VA's Equal Employment Opportunity ("EEO") office, the Office of Resolution Management ("ORM") (Dkt. No. 14 at 2-3). While ORM partially accepted Bee's mixed case complaint, it dismissed his claim under the WPA (Dkt. No. 16-1 at 2). At the time the defendants filed their motion, ORM had not issued a final agency decision regarding the accepted claims (Dkt. No. 16 at 5).

In addition, on November 11, 2020, Bee filed a WPA complaint with the Office of Special Counsel ("OSC") (Dkt. No. 14 at 3). On February 8, 2021, OSC terminated its inquiry into Bee's allegations of prohibited personnel practices. Id. Bee appealed this termination to the Merit Systems Protection Board ("MSPB") on April 14, 2021 (Dkt. No. 16 at 5). Again, as of the filing of the defendants' motion, the MSPB had not issued a final agency decision regarding this appeal. Id.

**C. Motion to Dismiss**

On April 19, 2021, the defendants moved to dismiss part of Bee's Wrongful Termination claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (Dkt. No. 15). They contend that Bee has failed to exhaust his

3

**BEE v. MCDONOUGH** 1:20CV215

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 15]

administrative remedies as to the WPA portion of that claim (Dkt. Nos. 15, 16). Bee disputes this contention, arguing his WPA claim is properly before this Court as part of a mixed case (Dkt. No. 21). The motion is fully briefed and ripe for decision.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), defendants may move to dismiss a claim for lack of subject matter jurisdiction. Where, as here, the defendants "contend[] that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

## III. DISCUSSION

After careful review of the allegations in the complaint and the governing law, the Court concludes that it has subject matter jurisdiction over the WPA portion of Bee's Wrongful Termination claim. "The Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 et seq., establishes a framework for evaluating personnel

4

actions taken against federal employees." Kloeckner v. Solis, 568 U.S. 41, 44 (2012). "When an employee complains of a personnel action serious enough to appeal to the MSPB and alleges that the action was based on discrimination, [he] is said (by pertinent regulation) to have brought a 'mixed case.'" Id. (emphasis in original) (citing 29 C.F.R. § 1614.302); see also 5 U.S.C. § 7702(a). "The CSRA and regulations of the MSPB and Equal Employment Opportunity Commission (EEOC) set out special procedures to govern such a case — different from those used when the employee either challenges a serious personnel action under the CSRA alone or attacks a less serious action as discriminatory." Id. at 44-45 (citing 5 U.S.C. §§ 7702, 7703(b)(2); 5 C.F.R. pt. 1201, subpt. E; 29 C.F.R. pt. 1614, subpt. C).

Under those special procedures, an employee may "file a discrimination complaint with the agency itself" or "initiate the process by bringing her case directly to the MSPB." Id. at 45. If under the first option the agency decides against the employee, he "may then either take the matter to the MSPB or bypass further administrative review by suing the agency in district court." Id. Alternatively, "if at any time after . . . the 120th day following

5

**BEE v. MCDONOUGH**                                                    1:20CV215

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 15]**

the filing of [a mixed case] with an agency, there is no judicially reviewable action . . . an employee shall be entitled to file" a civil action in federal district court. 5 U.S.C. § 7702(e)(1)(A).

Here, Bee filed a proper mixed case complaint with ORM because he "complain[ed] of a personnel action serious enough to appeal to the MSPB and allege[d] that the action was based on discrimination." Kloeckner, 568 U.S. at 44 (alterations added); see also 5 U.S.C. § 7702(a). Specifically, he complained that the VA had terminated him in part because of his whistleblowing activity. The Fourth Circuit has held that "[a]ctions that can be appealed to the MSPB include, inter alia, removal from federal service, including retaliatory termination for protected whistle-blower activity." Bonds v. Leavitt, 629 F.3d 369, 378 (4th Cir. 2011) (citing 5 U.S.C. § 7512). Moreover, in addition to the WPA, Bee also has alleged that his termination was the result of unlawful discrimination under the Rehabilitation Act. 5 U.S.C. § 7702(a).

Accordingly, because on November 3, 2020, Bee filed a proper mixed case complaint, the VA had 120 days to issue a final agency decision or Bee would be permitted to file a civil action in

6

**BEE v. MCDONOUGH** 1:20CV215

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 15]**

federal district court. 5 U.S.C. § 7702(e)(1)(A). Having received no final agency decision from the VA, Bee elected to file his amended complaint in this Court on March 17, 2021, more than 120 days "following the filing of [his mixed case] with [ORM]." 5 U.S.C. § 7702(e)(1)(A). Accordingly, given that Bee was expressly authorized to seek review of his mixed case in federal district court, the Court concludes that it has subject matter jurisdiction over the WPA portion of Bee's case.

The Government disputes this conclusion, arguing that, by exercising jurisdiction, the Court would be considering an entirely unreviewed WPA claim. In support of this argument, it relies almost exclusively on Kerr v. Jewell, 836 F.3d 1048 (9th Cir. 2016). In this non-controlling case, the Ninth Circuit held that, if an employee presents a WPA claim "only to the EEO office, the EEO office declines to exercise jurisdiction over the claim, and the employee elects to bypass the MSPB, the employee winds up presenting an entirely unreviewed WPA claim to the district court." Id. at 1057. Based primarily on this lack of agency review, the Ninth Circuit concluded it was improper to exercise jurisdiction over the WPA claim. Id.

**BEE v. MCDONOUGH**  1:20CV215

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 15]**

While recognizing that there are certainly benefits to prior agency review, the Court finds Kerr unpersuasive. The Government fails to consider the countervailing interest of the employee in having "inextricably related claims" litigated in the same forum. Perry v. Merit Sys. Prot. Bd., 137 S. Ct. 1975, 1987 (2017). Indeed, as the Fourth Circuit has stated, when an "employee properly pursue[s] a mixed case, . . . he [is] entitled to take advantage of the streamlined appeal procedures applicable to such cases." Zachariasiewicz v. U.S. Dep't of Justice, No. 19-2343, 2022 WL 3954297, at *8 (4th Cir. Aug. 31, 2022).

Moreover, in Kloeckner, the Supreme Court rejected a similar argument. There, the Government contended that only merits decisions of the MSPB could be reviewed in district courts while procedural decisions should be channeled to the Federal Circuit. Kloeckner, 568 U.S. at 50. In pertinent part, the Supreme Court reasoned that, because § 7702(e)(1)(B) permits an appeal to the district court 120 days after the employee files his complaint with the MSPB, any requirement that the MSPB decide such a complaint on the merits does not accord with the statutory scheme. Id. at 54-55. Accordingly, where, as here, Bee's complaint filed

8

**BEE v. MCDONOUGH**                                                    1:20CV215

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 15]**

with the VA is governed by § 7702(e)(1)(A), that portion of the statute also contains an analogous 120-day waiting period. Therefore, contrary to the Government's assertion, the statute itself contemplates that, in order to prevent unnecessary delay, certain circumstances present here (i.e., Bee has not received a final agency decision within 120 days of filing with ORM) permit unreviewed claims to be brought in federal district court.

Furthermore, while the Government correctly notes that Bee has failed to exhaust his administrative remedies on the complaint he originally filed with the OSC, 5 U.S.C. § 1214(c)(1), Bee also filed a mixed case with ORM. And as discussed in detail above, the "special procedures" applicable to mixed cases permit Bee to bring his WPA claim in federal district court. Kloeckner, 568 U.S. at 44-45. Accordingly, Bee's failure to exhaust his administrative remedies with respect to his OSC complaint is of no consequence to this motion.

### IV. CONCLUSION

For the reasons discussed, the Court **DENIES** the defendants' motion to dismiss.

It is so **ORDERED**.

9

**BEE v. MCDONOUGH** 1:20CV215

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 15]

The Clerk **SHALL** transmit copies of this Order to counsel of record.

DATED: September 27, 2022

                                                /s/ Irene M. Keeley
                                                IRENE M. KEELEY
                                                UNITED STATES DISTRICT JUDGE